UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS R. BUTLER,

    Plaintiff,                   Civil Action No. 2:20-CV-11100
v.                                  HONORABLE DENISE PAGE HOOD
                                       CHIEF UNITED STATES DISTRICT JUDGE

MICHIGAN DEPARTMENT
OF CORRECTIONS, et. al.,

    Defendants,
_____/

## OPINION AND ORDER PARTIALLY DISMISSING THE CIVIL RIGHTS COMPLAINT

### I. Introduction

Before the Court is Plaintiff Thomas R. Butler's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan. The Court has reviewed the complaint and now **DISMISSES IT IN PART.**

### II. Standard of Review

Plaintiff was allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:

1

>(B) the action or appeal:
>(i) is frivolous or malicious;
>(ii) fails to state a claim on which relief may be granted; or
>(iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To prove a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v.*

*Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998)(citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).  "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III.  Complaint

Plaintiff claims that he has had long standing problems with his ear, including recurring otitis media, a perforated ear drum, and several ear infections. Plaintiff has received numerous treatments while incarcerated for these conditions.  Plaintiff, however, claims that the problems with his ear continues.  Plaintiff alleges that the defendants have delayed additional medical treatments, refuse to provide him with a Hearing Aid Specialist, even though this was recommended months ago, and have denied plaintiff corrective surgery for his left ear. Plaintiff seeks monetary, declaratory, and injunctive relief.   Plaintiff names the Michigan Department of Corrections (M.D.O.C.), Dr. Keith Papendick, and Deena M. Leighton, a prison nurse, as defendants.

### IV.  Discussion

**A. The complaint must be dismissed against the Michigan Department of Corrections.**

The complaint will be dismissed against the Michigan Department of Corrections, because it is not a "person" subject to suit under 42 U.S.C. § 1983, and thus, the Eleventh Amendment bars any civil rights action against the Michigan Department of Corrections. *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir.

2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *Rodgers v. Michigan Dept. of Corrections,* 29 F. App'x. 259, 260 (6th Cir. 2002).

### B. Plaintiff states a potential claim for relief against the remaining defendants.

Plaintiff's claim that the remaining defendants were deliberately indifferent to his medical needs, if true, states a claim for relief. The Eighth Amendment to the U.S. Constitution requires prison officials to provide adequate medical care to prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Brooks v. Celeste*, 39 F. 3d 125, 127 (6th Cir. 1994). The Eighth Amendment prohibition against unnecessary and wanton infliction of pain is violated when there is deliberate indifference to the serious medical needs of an inmate. *Hicks v. Grey*, 992 F. 2d 1450, 1454-1455 (6th Cir. 1993). The case will continue against the remaining defendants.

### V. ORDER

**IT IS ORDERED THAT:**

The civil rights complaint is **DISMISSED IN PART WITH PREJUDICE WITH RESPECT TO DEFENDANT MICHIGAN DEPARTMENT OF CORRECTIONS FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Dated: July 31, 2020

                                                s/Denise Page Hood
                                                United States District Judge