UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Thomas R. Butler,

        Plaintiff,

v.

Keith Papendick, et al.,

        Defendants.

Case No. 20-11100
District Judge Denise Page Hood
Magistrate Judge Jonathan J.C. Grey

_____/

**ORDER GRANTING DEENA LEIGHTON'S
MOTION TO AMEND ANSWER (ECF No. 29)**

Thomas R. Butler brings this complaint pro se under 42 U.S.C. § 1983 against Deena M. Leighton[1] alleging violations of Butler's Eighth Amendment rights for deliberate indifference to his medical needs. (ECF No. 1.) On September 21, 2021, Leighton filed her answer with affirmative defenses. (ECF No. 17.) On August 11, 2022, Leighton filed a motion to amend her answer. (ECF No. 29.) Leighton seeks to add the affirmative defense of failure to exhaust administrative remedies. *Id*. The undersigned issued an order granting Leighton's motion (ECF

---

[1] In Butler's complaint he additionally brought this action against the Michigan Department of Corrections (MDOC) and Dr. Keith Papendick. United States District Judge Denise Page Hood dismissed MDOC based on the state's sovereign immunity and inapplicability of § 1983. (ECF No. 5.) Additionally, the undersigned recommended that Dr. Papendick's motion for summary judgment (ECF No. 22) be granted (ECF No. 27). Judge Hood adopted the report and recommendation and dismissed Dr. Papendick from the case. (ECF No. 33.)

No. 35) but subsequently vacated it to allow proper service of the motion to occur. To properly affect service, the Court sent Butler a copy of the motion attached to its order to vacate. (*Id.*) Butler failed to respond by the amended due date of January 20, 2023. As such, Leighton's motion to amend is still unopposed, and the undersigned will adopt its prior reasoning and grant Leighton's motion.

Federal Rule of Civil Procedure 15(a) allows a party to amend its pleadings before trial as a matter of course 21 days after serving it or 21 days after service of a responsive pleading or motion. If a party does not amend its pleadings within the time limit, they may amend with the opposing party's consent or with the court's leave. Fed. R. Civ. P. 15(a)(2). The court must freely give leave in the absence of any undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility of an amendment. *Foman v. Davis*, 371 U.S. 178 (1962); Fed. R. Civ. P. 15(a)(2). Additionally, delay that is neither intended to harass nor cause any prejudice is not a permissible reason alone to deny an amendment. *Tefft v. Seward*, 689 F.2d 637, 639 n.2 (6th Cir. 1982).

Although almost a full year elapsed between the filing of Leighton's original answer and her motion to amend, the delay alone does not compel denial of the motion. Butler filed no opposition to Leighton's motion. Leighton plans to add a non-frivolous defense. Upon review of the record, the Court finds that neither

2

undue prejudice nor bad faith or dilatory motive exist. Accordingly, the Court

**GRANTS** Leighton's motion to amend (ECF No. 29).

**SO ORDERED.**

Dated:  March 2, 2023                    s/**Jonathan J.C. Grey**
                                         Jonathan J.C. Grey
                                         United States Magistrate Judge

### Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 2, 2023.

                                         s/ **J. Owens**
                                         Julie Owens
                                         Case Manager

3