**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

THOMAS R. BUTLER,

      Plaintiff,

                                    Case No. 20-11100

v.

                                  HON. DENISE PAGE HOOD

DEENA M. LEIGHTON,

      Defendant.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE**
**TO PRECLUDE ALL EVIDENCE OF PLAINTIFF'S**
**<u>CRIMINAL HISTORY AND CONVICTION (ECF No. 75)</u>**

This matter is before the Court on Plaintiff Thomas R. Butler's Motion in

Limine to Preclude Any and All Evidence of Plaintiff's Criminal History and

Conviction.  (ECF No. 75) Plaintiff indicates that Defendant Deena M. Leighton

does not oppose the motion but does not concur to the motion.  No response to the

motion was filed by Leighton.

Butler filed a 42 U.S.C. § 1983 action alleging an Eighth Amendment claim

for deliberate indifference to his serious medical needs as an inmate relating to the

medical treatment of his left ear.  Leighton, a nurse, is the remaining defendant in

this case.  The matter is proceeding to trial.

Butler asserts that aside from the fact that he was incarcerated on October

10, 2007, the specific details which led to the incarceration is not relevant to the case at issue. He seeks to exclude the second-degree murder conviction and the details underlying the conviction because these are neither relevant nor probative and would unfairly prejudice Butler's case.

Rule 401 of the Rules of Evidence defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence." The standard set forth in Rule 401 is a liberal one. *Churchwell v. Bluegrass Marine, Inc.,* 444 F.3d 898, 905 (6th Cir. 2006). Rule 402 states that "all relevant evidence is admissible, except as otherwise provided ..." and that "evidence which is not relevant is not admissible." Rule 403 states that "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Trial courts have broad discretion in determining whether to admit evidence based on considerations of relevance, materiality and prejudice. *United States v. Jackson-Randolph,* 282 F.3d 369, 376 (6th Cir. 2002).

Rule 404(b) provides:

> **(1) *Prohibited Uses.*** Evidence of any other crime, wrong, or act is not admissible to prove a person's character in

> order to show that on a particular occasion the person acted in accordance with the character.
> **(2)** ***Permitted Uses.*** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b).  Courts have recognized the use of other crimes or other bad acts permissible as evidence at trial.  *United States v. Blankenship,* 775 F.2d 735, 739 (6th Cir. 1984).  A three-step inquiry is used to determine the admissibility of 404(b) evidence:  1) whether sufficient evidence exists that the prior act occurred; 2) whether the "other act" is admissible for a proper purpose under Rule 404(b); and 3) whether the "other acts" evidence is more prejudicial than probative under Rule 403.  *United States v. Poulsen,* 655 F.3d 492, 508 (6th Cir. 2011).

Rule 609(a) allows evidence to attack a witness's character for truthfulness by evidence of a criminal conviction.   Fed. R. Evid. 609(a).  Rule 609(b) of the Rules of Evidence limits the use of a conviction "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later."   Fed. R. Evid. 609(b).   Such evidence "is admissible only if: (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use."   Fed. R. Evid. 609(b)(1), (2).   Evidence of convictions more than ten years old should be admitted very rarely and only in

exceptional circumstances.  *United States v. Sims*, 588 F.2d 1145, 1147 (6th Cir. 1987).  "Rule 609(b) creates, in effect, a rebuttable presumption that convictions over ten years old are more prejudicial than helpful and should be excluded."  *Id.* at 1150.

Butler's claim against Leighton involves a violation of his Eighth Amendment right as to the medical care he received while an inmate.  At this stage of the proceedings, it appears that Butler's conviction and the details of the conviction are not relevant to the claim to be tried by a jury.  Without any testimony from any witness, it also appears that the conviction cannot be used as evidence under Rule 609 as to Butler's character for truthfulness and is more than ten years old.  Other than the fact that Butler is an inmate, his conviction and the details of the conviction are not relevant in this case and will be excluded as evidence at trial.

Accordingly,

IT IS ORDERED that Plaintiff Thomas R. Butler's Motion in Limine to Preclude Any and All Evidence of Plaintiff's Criminal History and Conviction **(ECF No. 75**) is GRANTED.

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED:  March 31, 2026

4