**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**THOMAS R. BUTLER,**

**Plaintiff,**

**v.**

**DEENA M. LEIGHTON,**

**Defendant.**
**__________________________________/**

**Case No. 20-11100**

**HON. DENISE PAGE HOOD**

**ORDER DENYING MOTION FOR WRIT OF MANDAMUS (ECF No. 94), MOOTING MOTION TO EXPEDITE (ECF No. 95), DENYING MOTION TO EXPEDITE (TITLED AS MOTION FOR SUMMARY JUDGMENT) (ECF No. 96), DENYING MOTION TO EXTEND TIME AND SUMMARY JUDGMENT (ECF No. 99)**

## I. BACKGROUND

This matter is before the Court on motions filed by Plaintiff Thomas R. Butler and Defendant Deena M. Leighton.

The remaining defendant in this case is Defendant Deena M. Leighton. On June 3, 2024, the Magistrate Judge issued a Certification of Completion of Pretrial Proceedings. (ECF No. 71) A Final Pretrial Conference was held in this matter on May 22, 2025. The Court thereafter referred the matter to the Magistrate Judge for

a Settlement Conference. The Magistrate Judge held a status conference with the parties. The Magistrate Judge thereafter indicated that the parties are not likely to settle. (See 10/22/25 minute entry) Counsel for trial has since been appointed on behalf of Plaintiff and new dates have been set. These motions, however, remain pending.

## II. PARTIES' MOTIONS

### A. Plaintiff's Motion for Writ of Mandamus (ECF No. 94)

In the Motion for Writ of Mandamus, which is entitled as "Plaintiff's Motion for the Court to Immediately Issue a Writ of Habeas Corpus for Plaintiff to be Transferred Back to Lower Michigan for Trial Preparation and Trial," Butler seeks to be returned to a facility closer to counsel. As an initial matter, a Writ of Mandamus under 28 U.S.C. § 1361 is not applicable to Plaintiff's motion. Section 1361 states,

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C.A. § 1361 (West). Plaintiff's motion does not involve and officer or employee of the United States or any agency. The Court denies any request to issue a Writ of Mandamus. However, it appears Plaintiff is seeking a Writ of Habeas Corpus under 28 U.S.C. § 2241 relating to Plaintiff's appearance in federal

court for his trial.

On September 17, 2025, Butler was transferred to the Newberry Correctional Facility in the Upper Peninsula of Michigan. The Michigan Department of Corrections (MDOC) Telephone Policy, PD 5.03.130, limits calls to counsel to 20 minutes. Butler claims the MDOC does not facilitate Zoom calls or meetings with counsel. Butler's counsel asserts that the MDOC uses the facilities in the Upper Peninsula for punitive adjustment and that the transfer has hindered Butler's access to counsel, hindered settlement negotiations, trial preparations and ongoing medical care. Butler seeks an immediate Writ of Habeas Corpus for Butler to be brought before this Court for the preparation of trial and for trial. Butler did not cite to any policies, procedures and law as to how MDOC prisoners are able to communicate and prepare for trial. It is noted that the MDOC is no longer a defendant in this case.

A federal trial court has the authority to order the Michigan Department of Corrections (MDOC) to move or transfer a prisoner during a trial during a trial under 28 U.S.C. § 1651, such as the writ of habeas corpus[1] ad prosequendum or ad

[1] The federal writ of habeas corpus ad testificandum is used to bring the prisoner into federal court so that he may testify as a witness in a pending civil or criminal case. The federal writ of habeas corpus ad prosequendum is used to bring the prisoner into federal court so that he may be tried on pending federal criminal charges. Once the prisoner has testified or the prosecution has been completed, the prisoner is returned to the federal or state custody from which he was removed by the writ. § 1:41. Federal Writs of Habeas Corpus ad Testificandum or ad

testificandum. *See*, 28 U.S.C. § 2241(c)(5) (The writ of habeas corpus may be extended to a prisoner if "it is necessary to bring him into court to testify or for trial."). The writ is commonly used to direct the movement of prisoners to appear in federal court for trial or testimony appearances. *See, Mars v. U.S.*, 443 F. Supp. 774, 777 (E.D. Mich. 1978). Federal courts have broad authority under 28 U.S.C. § 1651(a) to issue writs necessary to aid their jurisdiction. This includes the ability to issue writs to facilitate the presence of prisoners for trial or testimony.

While federal courts have the authority to issue writs for prisoner transfers, their ability to direct state prison systems, such as the MDOC, is subject to limitations. In *Wood v. U.S.*, 873 F. Supp. 56 (W.D. Mich. 1995), the court clarified that with *federal prisoners*, the Bureau of Prisons has statutory authority under 18 U.S.C. § 3621(b) to designate the place of imprisonment and transfer prisoners between facilities. This authority does not extend to federal courts directing specific housing or transfer decisions for federal prisoners, as such decisions are administrative in nature and fall under the purview of federal prison administrators. *Id*. at 57. As to *state prisoners*, the MDOC operates under its own regulations regarding prisoner transfers. *Stone v. Egeler,* 377 F. Supp. 115 (W.D. 1973). These regulations indicate that the MDOC retains discretion over prisoner placement and transfers, which may limit the extent to which a federal court can

---

Prosequendum, Federal Postconviction Remedies & Relief Handbook with Forms § 1:41.

mandate specific actions by MDOC. *United States v. Gilbert*, 550 F. Supp. 3d 460, 464 n. 2 (E.D. Mich. 2021).

In this case, since Plaintiff is before the federal court in a civil case filed by Plaintiff, the Court is able to issue a writ of habeas corpus *ad testificandum* (not *ad prosequendum* since Plaintiff is not being prosecuted by the United States in this case) for Plaintiff to appear at any hearing, conference or trial. As legal and physical custody remains with the MDOC while the writ is issued, this Court has no authority to direct the MDOC as to where Plaintiff may be housed pending trial in this case. It is up to the MDOC where Plaintiff may be housed during his trial. Of course, Plaintiff and his counsel may discuss this matter with the MDOC to facilitate counsel's access to Plaintiff to prepare for trial. The MDOC may also consider its ability to place Plaintiff in temporary housing nearer to the courthouse during trial, for the convenience of Plaintiff and his counsel, and the MDOC staff and officers who must travel and accompany Plaintiff to court during trial. Because the MDOC is no longer a defendant in this matter, the Court's ability to suggest how the MDOC manages Plaintiff's appearance before this Court is limited, other than ordering the MDOC pursuant to the writ to have Plaintiff appear for various court hearings and conferences. Plaintiff's motion is denied as to ordering the MDOC to move Plaintiff closer to the courthouse while this matter is

pending.

**B. Plaintiff's Motion to Expedite (ECF No. 95)**

This motion is a duplicate of the Motion for Writ of Mandamus addressed above. The motion also seeks to expedite a decision on this matter. For the reasons set forth above, this motion is now moot.

**C. Plaintiff's Motion to Expedite [Titled Moton for Summary Judgment on all Issues Except Damages] (ECF No. 96) and Defendant's Motion to Extend Time and Summary Judgment (ECF No. 99)**

Both Plaintiff and the remaining Defendant Leighton filed Motions for Summary Judgment (ECF Nos. 96 and 99), well beyond the time to file dispositive motions. The Magistrate Judge issued a deadline to file dispositive motions by January 24, 2023, which was extended to April 25, 2023. (ECF No. 28 and 4/20/23 Text Order) Defendant Leighton filed a Motion for Summary Judgment on April 20, 2023. (ECF No. 62) The Magistrate Judge issued a Report and Recommendation, which this Court accepted and adopted, denying Defendant Leighton's Motion for Summary Judgment. (ECF Nos. 67, 69) The Magistrate Judge issued a Certification of Completion of Pretrial Proceedings on June 3, 2024. (ECF No. 71) This Court thereafter set dates for a Final Pretrial Conference (October 2, 2024) and Trial (October 29, 2024). (ECF No. 72) The dates were adjourned for various reasons, including new appearances filed by Plaintiff's

counsels. (ECF Nos. 77, 104) A Final Pretrial Conference was eventually held with the Court on May 22, 2025. The parties submitted a proposed joint final pretrial conference, which the Court entered on January 16, 2026. (ECF No. 102)

The two dispositive motions filed by the parties are untimely. As noted above, the dispositive motion deadlines were set at January 24 and April 23, 2023. Defendant Leighton did file a dispositive motion, which was denied. It is noted that the Local Rules provide that a challenge to several counts of a complaint generally must be made in a single motion. E.D. Mich. LR 7.1(b)(2). Defendant Leighton should have raised her current arguments when she filed her previous dispositive motion. Both parties filed their current summary judgment motions on October 21, 2025 and November 5, 2025, well-beyond the dispositive motion deadline of April 23, 2023 and after the Court already held its Final Pretrial Conference on May 22, 2025.

Federal Rule of Civil Procedure Rule 16 provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). And "[t]he primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted). Neither party has shown good cause that the dispositive

motion deadline should be extended to more than two years after the set dispositive motion deadline in 2023 and after this Court held the Final Pretrial Conference. Both parties' summary judgment motions are denied. It is noted the parties agreed to "revisit" the filed motions for summary judgment at a future status conference. However, in light of the Court's ruling above, revisiting the motions will be heard only if the parties meet the appropriate standard for motions for reconsideration.

## III. CONCLUSION/ORDER

For the reasons set forth above,

IT IS ORDERED that Plaintiff's Motion for Writ of Mandamus **(ECF No. 94)** is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Expedite **(ECF No. 95)** is MOOT.

IT IS FURTHER ORDERED that Plaintiff's Motion to Expedite, Titled as Motion for Summary Judgment **(ECF No. 96)** is DENIED.

IT IS FURTHER ORDERED that Defendant Deena M. Leighton's Motion to Extend Time and for Summary Judgment **(ECF No. 99)** is DENIED.

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: September 30, 2026